# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Jonathan D. Brightbill
To Call Writer Directly:
(202) 879-5238
jonathan.brightbill@kirkland.com

655 Fifteenth Street, N.W.
Washington, D.C. 20005

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

March 10, 2015

**By ECF**

The Honorable Gary R. Brown
United States District Court
 for the Eastern District of New York
944 Federal Plaza
Central Islip, NY 11722

Re: *Cablevision Systems Corp., et al. v. Verizon Communications Inc., et al.*,
Case No. 2:15-cv-00456-LDW-GRB

Dear Magistrate Judge Brown:

I represent Counterclaim-Plaintiffs Verizon New York Inc. and GTE Wireless Incorporated (collectively, "Verizon") in the above-referenced action and submit this letter motion pursuant to Local Civil Rule 37.3 and Your Honor's Individual Practice Rules. I certify that, pursuant to Local Civil Rule 26.4 and Fed. R. Civ. P. 37(a)(1), the parties have in good faith conferred prior to filing this motion to compel.

For years, Cablevision was the only game in town for cable television services and broadband Internet, particularly on Long Island. But as it recently admitted to investors in its 2015 10-K filing, Cablevision is in trouble. In its own words, "competition affects our ability to add or retain customers and creates pressure upon the pricing of our services. Competition, particularly from Verizon, has negatively impacted our revenues and caused subscriber declines in our service areas." (Feb. 25, 2015 Cablevision 10-K, section 1A "Risk Factors.") This is because "Verizon … has constructed a fiber to the home network plant that passes a significant number of households in [the Cablevision] service area." (*Id.*)

Desperate to preserve its once-dominant monopoly in the face of the superior services of Verizon's "fiber-based video service," Cablevision is attempting to buoy its failing business by false and misleading advertising. As outlined in Verizon's counterclaim (D.I. 27), Cablevision has been engaged in a wide range of deceptive advertising practices regarding its Optimum Online network and related services. In one of these deceptive advertisements, Cablevision asks, "How many [Internet providers] did the Wall Street Journal find to have faster-than-promised download speeds?" The ad answers at the end, "Just one. Optimum Online." This is false. Verizon also provides faster-than-promised download speeds. Moreover, Cablevision has not come forward with any evidence (including data produced to the FCC) to support the notion that

it provides faster-than-promised download speeds across each of the various speed tiers that it offers consumers, including its fastest tiers.

Seeking discovery that goes directly to the truth of Cablevision's claimed "faster-than-promised download speeds," Verizon requested from Cablevision: "All documents relating to Cablevision's claim that Cablevision provides 'faster-than-promised' download speeds, including but not limited to any communication, reports, tests, summaries, and/or data related to download and upload percentage of advertised speed that Cablevision actually provided to customers, consistency, and latency in each of the following Optimum speed offerings: 15/5, 50/25, 75/35, and 101/35 Mbps." (Verizon's Req. for Prod. No. 9.)[1]

On February 27, 2015, Cablevision responded that it "will comply with the Request by producing documents to substantiate Cablevision's claim that the Wall Street Journal found Cablevision to have 'faster-than-promised download speeds.'" (Cablevision's Resp. to Verizon's First Set of Req. For Prod., p. 5.) During a meet-and-confer telephone call on March 4, 2015, Cablevision confirmed that it would not produce the requested information about each of its four download speeds—which it admittedly possesses—but would merely produce a copy of the Wall Street Journal article in response to this Request. In effect, Cablevision tries to justify its refusal to produce this data by arguing that the advertisement merely claims that a Wall Street Journal article exists and that the actual speeds it provides consumers have nothing to do with the accuracy of its advertisement. This is entirely insufficient. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26. Verizon is entitled to the discovery and data requested information regarding Cablevision's actual Internet service speeds, as it is directly relevant to Verizon's counterclaims.[2]

*First*, Cablevision's claim about what the "Wall Street Journal" says about Cablevision's download speeds falsely communicates, both literally and by necessary implication, that Cablevision actually provides faster-than-promised broadband speeds to Optimum consumers, whereas Verizon does not. *See Time Warner Cable, Inc. v. DIRECTV, Inc*., 497 F.3d 144, 158 (2d Cir. 2007) (noting that a claim that is false by necessary implication is literally false under the Lanham Act). Cablevision's claims are false and misleading under the Lanham Act. Yet Cablevision now contends that its actual download speeds are irrelevant to its advertising because even if the Wall Street Journal is wrong—and Cablevision does not actually provide "faster-than-promised download speeds" across all of its various service tiers—that Cablevision can go on lying to consumers by simply citing to the Wall Street Journal. That is nonsense. Because Cablevision's statement does (and was of course designed to) communicate to

---

[1] The parties are still conferring with regard to certain of Verizon's other requests for production. Verizon reserves the right to seek relief from this Court to obtain other information that Cablevision refuses to provide in discovery.

[2] Cablevision also objects to this Request because "Verizon has not challenged the claim is false as to Cablevision; rather, Verizon's claim is that [Cablevision] is not the only one for whom it is true." (Mar. 9, 2015 email from R.Lehrburger.) Verizon disagrees. Verizon challenged the claim as false. Simply because Verizon asserted one basis on which it is false should not limit Verizon's discovery to that basis. Even if Verizon puts on evidence that the claim is false because Verizon also offers faster-than-promised download speeds, Verizon can still put on evidence that the claim is false because Cablevision does not offer faster-than-promised download speeds itself.

consumers that the Wall Street Journal statement about download speeds is true and something they too will experience if they switch to Cablevision's Optimum service, Verizon is entitled to discovery on the actual download speeds that Cablevision provides to its customers.

*Second*, a claim may be literally true, and yet still be implicitly false because it is "likely to mislead or confuse customers." *Tiffany (NJ) Inc. v. eBay, Inc.*, 600 F.3d 93, 112 (2d Cir. 2010)). Here, at a minimum, consumers are likely to be misled or confused by Cablevision's statements regarding the Wall Street Journal, and will believe that Cablevision's Optimum Online service both offers faster-than-advertised Internet speeds and that Verizon does not. *See Patient Transfer Sys., Inc. v. Patient Handling Solutions, Inc.*, 2001 WL 936641, at *18 (E.D. Pa. Aug. 16, 2001) (violation of the Lanham Act where testimonial letters, while literally true, misled or confused consumers). For this reason, too—where in its commercial Cablevision directly compares its Optimum service to all other providers—Verizon is entitled to discovery regarding Cablevision's actual download speeds and performance across its various speed tiers.

*Third*, New York recognizes false "testimonials" as actionable under New York General Business Law § 349. *Teller v. Bill Hayes, Ltd.*, 630 N.Y.S.2d 769, 773 (N.Y. App. Div. 1995). In particular, "an endorsement may not convey any express or implied representation that would be deceptive if made directly by the advertiser." 16 C.F.R. § 255.1. In short, by running an ad that referenced the Wall Street Journal article, it is legally as if Cablevision made that claim from its own mouth. In such situations, "the advertiser must possess and rely upon adequate substantiation, including, when appropriate, competent and reliable scientific evidence, to support such claims made through endorsements in the same manner the advertiser would be required to do if it had made the representation directly, i.e., without using endorsements." *Id.* § 255.2. Verizon is thus entitled to test the accuracy of Cablevision's "faster-than-promised download speeds" claim to assess whether it is relying on a proper endorsement; Cablevision cannot simply decline to provide its actual download speed performance data and hide behind the production of merely the Wall Street Journal article itself.

Nor does the burden of production of the requested materials outweigh its relevance. Cablevision has and can readily produce this information—indeed, Cablevision already produces a subset of this data to the FCC on a regular basis. However, Cablevision's production to the FCC has in recent years only included only a portion of its speed tiers (versus each of the tiers it offers consumers and that compete with Verizon), Verizon has asked Cablevision to produce the data on each of the speed tiers it makes available to consumers. Presumably, if Cablevision's Optimum service really did provide "faster-than-promised" speeds across *all* its speed tiers—the false claim that is made literally, by necessary implication, and at least impliedly in its ad—Cablevision would provide data on those same number of tiers in its report to the FCC and would have no concerns about producing this data to Verizon now.

Because the requested actual download and upload performance information sought by Verizon is directly relevant to Verizon's counterclaim that Cablevision makes false and deceptive advertising claims relating to faster-than-promised download speeds, the data necessary to test those claims is relevant and should be produced. In light of Cablevision's refusal to provide that data, Verizon respectfully requests the Court compel its production.

**KIRKLAND & ELLIS LLP**

Respectfully submitted,

*/s/ Jonathan D. Brightbill*

Jonathan D. Brightbill

*Counsel for Counterclaim-Plaintiffs Verizon New York Inc. and GTE Wireless Incorporated.*

cc: Robert L. Folks
　　Saul B. Shapiro
　　Travis J. Tu
　　Robert W. Lehrburger