# Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas    New York, NY 10036-6710    212.336.2000    fax 212.336.2222    www.pbwt.com

March 12, 2015

Saul B. Shapiro
Partner
(212) 336-2163
Direct Fax: (212) 336-2396
sbshapiro@pbwt.com

**By ECF**

Hon. Gary R. Brown, U.S.M.J.
United States District Court for the Eastern District of New York
100 Federal Plaza
P.O Box 9014
Central Islip, NY 11722-9014

>  Re:   *Cablevision Sys. Corp. v. Verizon Commc'ns, Inc.*, 15-cv-456-LDW-GRB:
>  <u>Cablevision's Motion To Compel Discovery From Verizon</u>

Dear Judge Brown:

We represent Cablevision Systems Corp. and CSC Holdings, LLC, Plaintiffs and Counterclaim Defendants in the above action ("Cablevision"). Cablevision has conferred in good faith with Defendants/Counterclaim-Plaintiffs ("Verizon") regarding Verizon's refusal to produce discovery and makes this motion to compel certain discovery that is key to its claims and defenses. This case is set down for a preliminary injunction hearing on May 28. The deadline for the parties to complete document production is March 20.

**Background**

Starting in January 2015, Verizon launched a national ad campaign claiming that its FiOS service offered the "fastest WiFi available from any provider." Verizon's ads said that the claim was "Based on maximum baseline throughput results from 2014 Intertek Router study" (the "Router Study"). Because both companies use a similar class of router, Cablevision immediately recognized that Verizon's claim was false and that the "Router Study" could not prove superior WiFi speed. Cablevision filed the instant action and a motion for a preliminary injunction.

In response, Verizon began to remove references to the "Router Study" from its advertising while continuing to make its false "fastest WiFi" claim, now purportedly based not on WiFi speed but on internet speed. In addition, Verizon filed a barrage of false advertising counterclaims against nearly all of Cablevision's current ads, including claims that Cablevision has made – without complaint by Verizon – for over a year. Moreover, during the past couple weeks it has become apparent that Verizon intends to frustrate Cablevision's entitlement to discovery that is critical to Cablevision's claims and defenses.

**Verizon refuses to produce squarely relevant information concerning the "internet speed plans" on which it now purports to make its "fastest WiFi" claim (Cablevision Requests for Production ("CRFP") 6, 9-11)**

As explained above, after Verizon produced the Router Study, Verizon changed course and began relying not on its WiFi speed but on the internet speed Verizon makes "available" to

subscribers. Internet speed is different from WiFi speed. Although Cablevision disputes the entire premise of Verizon's about-face justification for its claim, Cablevision is entitled to discovery to test it. According to Verizon, it can provide the "fastest WiFi" because it makes available internet speeds of up to 500 Mpbs. Yet, in many of its ads, Verizon solicits consumers to "join the millions" who enjoy these services, e.g., the "fastest" WiFi, and then explicitly advertises *at most* its base speed tier of 25 Mpbs. Those ads do not mention Verizon's top-tier speed plans, which are far more expensive – the 500 Mbps service is as much as $295/month – and provide far more capacity than any typical user could possibly afford, need or use. (*E.g.*, First Amended Complaint [D.I. 21], Exhs. C-D). As a result, the "availability" of any such service is irrelevant to all but a few consumers. In addition, Verizon is now advertising the "fastest WiFi"—without mentioning anything about "availability". Against this background, Cablevision requested discovery into the number of consumers that actually subscribe to Verizon's various tiers of service, the actual speeds they receive, and the actual use of Verizon's latest router (CRFPs 6, 9-11). Verizon has refused to provide anything beyond the percentage of households where its various speed tiers are technically available.

**Despite advertising nationally and claiming to offer the fastest WiFi available "from any provider," without qualification or geographical limitation, Verizon refuses to provide information beyond the New York region (CRFP 12, 22)**

In both general and specific objections, Verizon restricts its production to documents that relate to the New York Designated Market Area. But Verizon's nationally-broadcasted claim of "fastest WiFi available *from any provider*" is not so limited. The fact that Cablevision operates only in the New York metropolitan area does not render "irrelevant" evidence from outside this region which demonstrates the falsity of Verizon's national claim. Cablevision is entitled to discovery from Verizon without this limitation, including in response to Cablevision's request for other protests or competitor complaints concerning the "fastest WiFi" claim (CRFP 22) and Verizon's awareness of providers offering speed plans faster than Verizon's (CRFP 12).

**Verizon alleges that various claims concerning Cablevision's recently-launched WiFi-only "Freewheel" device are false by comparison to allegedly superior cellular services offered by Verizon, but refuses to provide Cablevision with discovery concerning its cellular network (CRFP 39-42, 45-46)**

Verizon's Counterclaims added as a party GTE Wireless Inc. [D.I. 27, ¶ 10] – *i.e.*, the subsidiary for Verizon Wireless ("VZW") cellular phone service – and allege the superiority of VZW's cellular service over Cablevision's Optimum WiFi network of hotspots and all-WiFi Freewheel device. For example, Verizon claims that Cablevision's advertised claim of a "better data network" is false (¶ 6), and asserts that Verizon offers a mobile data network with "superior data speed and data reliability" (¶¶ 72-76). But Verizon refuses to provide data concerning the speeds of Verizon's mobile data networks (CRFP 42). Verizon also asserts that Cablevision's claim that Freewheel offers "mobile connectivity" is false, and alleges that "Freewheel does not have the same functionality as a cell phone and that it cannot provide 'mobile' connectivity 'on

the go' to replace a cellular phone service like Verizon's." (¶ 141.) Similarly, Verizon advances its false advertising claims on the premise that Freewheel does not provide consumers with "similar wireless voice and data coverage, functionality, and service" (¶ 121; *see also* ¶ 140). To test the veracity of these broad allegations concerning mobility and Verizon's comparison of its cellular service to Cablevision's all-WiFi service, Cablevision asked for discovery concerning the functionality of Verizon's cellular service, as well as for documents and information concerning the usage and performance of Verizon's cellular network as compared to available WiFi networks. For example, Cablevision requested discovery into the amount of time that VZW subscribers are connected to a WiFi network (CRFP 40) and the amount of data they pass over WiFi as opposed to over Verizon's allegedly-superior cellular network (CRFP 41). Verizon also refuses to produce documents concerning VZW's utilization (CRFP 39) – or even prioritization (CRFP 45) – of WiFi networks over cellular networks, as well as documents concerning its own plans to develop WiFi voice service (CRFP 46). These requests are all germane to Verizon's allegations that Cablevision's claims are false because Verizon's cellular networks are in various respects "superior" to WiFi.[1]

\* \* \*

Cablevision respectfully requests that Your Honor compel Verizon to provide the discovery detailed above.[2]

Respectfully submitted,

*/s/ Saul B. Shapiro*

Saul B. Shapiro

cc: Counsel of Record

---

[1] Verizon in part objects to these requests on the basis that such requests seek "non-public, private, and proprietary information regarding Verizon's services." Having placed these matters in dispute, Verizon cannot use the shield of confidentiality to preclude discovery, especially given the protective order now in place [D.I. 40].

[2] The parties are still conferring about other requests, and Cablevision reserves its rights to compel discovery of those or any other requests that are not the subject of this letter.